**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ELIEZER ALBERTO JIMENEZ,<br><br>　　　　　　Petitioner,<br><br>　　　v.<br><br>WARDEN, FCI FORT DIX,<br><br>　　　　　　Respondent. | Civil Action No. 24-773 (KMW)<br><br>**OPINION** |

**WILLIAMS**, District Judge:

　　This matter comes before the Court on the habeas petition filed by Petitioner Eliezer Alberto Jimenez pursuant to 28 U.S.C. § 2241. (ECF No. 1). Following an order to answer, the Government filed a response to the petition (ECF No. 8), to which Petitioner did not respond. For the following reasons, the petition is denied.

**I.　BACKGROUND**

　　Petitioner is a convicted prisoner currently serving his criminal sentence at FCI Fort Dix. (ECF No. 1-1 at 1.) In his habeas petition, Petitioner contends that he is being improperly denied credits towards his sentence under the First Step Act as he believes that he is serving an eligible sentence and is not subject to a final order of removal. (*Id.* at 1-4.) The BOP, Petitioner contends, has wrongfully concluded that he is subject to a final order of removal, and is denying him credits as a result. (*Id.*)

Contrary to Petitioner's claims, however, Petitioner was ordered removed on October 19, 2016, by an immigration judge. (ECF No. 8-1 at 12.) As the immigration judge also granted Petitioner relief in the form of deferral of removal under the Convention Against Torture, Petitioner waived his right to appeal that order of removal. (*Id.*) Thus, Petitioner does appear to be subject to a final order of removal.

## II. LEGAL STANDARD

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

## III. DISCUSSION

In his current petition, Petitioner contends that he is being unlawfully denied the benefit of credits towards his sentence under the First Step Act. While the First Step Act provides inmates who engage in recidivism reduction training an opportunity to obtain credits to apply towards their early release, the statute explicitly states that a prisoner "is ineligible to apply time credits [to reduce his sentence] if the prisoner is the subject of a final order of removal under any provision of the immigration laws." 18 U.S.C. § 3632(d)(4)(E)(i). The statute thus bars any inmate who is subject to a final order of removal from receiving FSA credits or applying them to his sentence if they had already been earned. *See, e.g., Gonzalez-Garcia v. FCI Berlin, Warden*, No. 23-91, 2023 WL 3020872, at *2 (D.N.H. Apr. 20, 2023).

Here, Petitioner was ordered removed by an immigration judge in 2016, and waived his right to appeal that order. When Petitioner waived his right to appeal the order of removal, it became administratively final. *See* 8 C.F.R. § 141.1(b); 8 C.F.R. § 1003.39. That Petitioner was also granted immigration relief in the form of deferral of removal under the CAT does not change the fact that he has received a final order of removal. *See Nasrallah v. Barr*, 590 U.S. 573, 582 (2020) (an order granting relief under CAT "does not disturb the final order of removal" as an alien granted such relief "may still be removed at any time" to a country other than the one in which he faces potential torture). As Petitioner was ordered removed and waived appeal of that order in 2016, he is currently subject to a final order of removal, and he may not earn, receive, or apply credits towards his sentence under the First Step Act. Petitioner's habeas petition is therefore denied.[1]

## IV. CONCLUSION

For the reasons expressed above, Petitioner's habeas petition (ECF No. 1) is **DENIED**. An order consistent with this Opinion will be entered.

Hon. Karen M. Williams,
United States District Judge

---

[1] The Court further notes that Petitioner did not exhaust his administrative remedies prior to filing his habeas petition in this matter. (*See generally* ECF No. 8-1.) This failure to pursue all available avenues of administrative relief before filing suit in this matter would preclude habeas relief even had Petitioner's habeas petition been of greater merit. *See, e.g., Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760-61 (3d Cir. 1996).

3